IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,     *
ESTATE OF MILLER,
WENDY-MILLER, BENEFICIARY/HEIR,     *

      **Plaintiff**     *

v.     *      **CIVIL NO. JKB-21-3165**

CARRIE M. WARD, *et al.*,     *

      **Defendants.**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

Plaintiff, "Estate of Miller, Wendy-Miller, beneficiary/heir,"[1] filed a *pro se*[2] complaint alleging fraud against several individual and organizational defendants. (*See* Compl., ECF No. 1.) Upon review of the initial complaint, the Court found that it failed to comply with federal pleading requirements and directed Plaintiff to file an amended complaint. (ECF No. 4.) After Plaintiff amended the complaint, (*see* Am. Compl., ECF No. 6), Defendant Penny Mac Mortgage Inc. ("Penny Mac") filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). (*See* Mot. Dismiss, ECF No. 7.) The Motion has been fully

---

[1] Aside from the "Estate of Miller," Plaintiff's Amended Complaint lists three additional plaintiffs, apparently in error: the United States of America, the "Office of the Secretary," and the Department of Housing & Urban Development. (Am. Compl. at 2, ECF No. 6.) There is no indication that these entities are indeed co-plaintiffs based upon a review of the record and the appearances entered in this case. As such, the Court understands the "Estate of Miller" to be the sole plaintiff in this matter.

[2] Ordinarily, an "estate" cannot bring an action *pro se*, any more than can a corporation or other legal entity that is not a living person. Such entities must be represented by attorneys who have been admitted to practice before this Court. *See* Local Rule 101.1(a) (D. Md. 2021) ("All parties other than individuals must be represented by counsel."); *McFeeley v. Jackson St. Ent., LLC*, Civ. No. DKC 12-1019, 2014 WL 4182231, at *2 (D. Md. Aug. 19, 2014) (noting that an estate "must be represented by counsel because all parties other than individuals can only appear through counsel."). In this case, after a careful reading of the convoluted Amended Complaint, the Court infers that the true plaintiff here is a live person: Wendy Miller. Accordingly, despite the case caption, and stretching to accommodate an unsophisticated and unrepresented litigant, the Court permits Plaintiff to proceed *pro se*.

briefed (ECF Nos. 10,[3] 11), and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Penny Mac's Motion will be GRANTED.

## *I. Background*

Plaintiff's Amended Complaint names four Defendants: (1) Penny Mac, a mortgage lender; (2) Melvin C. High, Sheriff of Prince George's County, Maryland; (3) Carrie M. Ward, an attorney; and (4) BWW Law Group LLC, a Maryland law firm. (Am. Compl. at 2.) Plaintiff's Amended Complaint is difficult to follow and at times incomprehensible. It primarily focuses upon allegations that Plaintiff's property located in Bowie, Maryland has "received several unwarranted foreclosure and writs of ejectment under court registry investment docket number's *CAEF19-07143* . . . ." (*Id.*) The docket number cited by Plaintiff corresponds to a foreclosure action filed against Plaintiff in the Circuit Court for Prince George's County on March 13, 2019. *See WBGLMC v. Miller*, No. CAEF19-07143 (Cir. Ct. Prince George's Cty.). In that case, the Circuit Court for Prince George's County awarded possession of Plaintiff's property to Penny Mac on January 27, 2022, and issued a Writ of Possession on February 16, 2022, to be executed by the Prince George's County Sheriff's Department. (Mot. Dismiss Ex. 1, ECF 7-2.)

In the Amended Complaint, Plaintiff alleges that the Circuit Court's decision constituted a "Void Judgment" and triggered an "Unauthorized Sheriff Sale." (Am. Compl. at 5.) Plaintiff also alleges that the Circuit Court's decision violated due process, constituted a "[f]raudulent transfer," and was an "unlawful conversion clouting [sic] (t)he rights to title . . . ." (*Id.*) Additionally, Plaintiff alleges that Defendant High "violated" his oath of office by taking possession of Plaintiff's property following its foreclosure. (*Id.* at 6.) In addition to challenging the Circuit

---

[3] Plaintiff's response to Penny Mac's Motion is styled as an "Affidavit of Adverse Claim Against Registered Lands." (ECF No. 10.) While the filing does not respond to any arguments raised in Penny Mac's Motion, the Court construes Plaintiff's filing as constituting her response for purposes of resolving the pending Motion.

2

Court's decision, Plaintiff also seeks relief "against all defendant(s) for certain violations of" the Foreign Corrupt Practices Act (the "FCPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as for claims related to "Trafficking of Persons; Identify (t)heft; [the] False Claims Act, White Collar Crime[,] Tax Fraud inclusive without Limitation to, similar provisions with respect to similar fraud; anti-bribery Provisions of (t)he FCPA, . . . casuistry, Money laundering; [and] general abuse." (*Id.* at 7–8.) Plaintiff also alleges that Defendants "have conspired and deluded [her] securities . . . for pecuniary gain." (*Id.* at 6.)

Penny Mac filed a Motion to Dismiss the Amended Complaint, arguing that the Court lacks subject-matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine because "an adjudication of [Plaintiff's claims] would require this federal court to determine that the state court's final judgment in the Foreclosure Case was somehow erroneous." (ECF 7-1 at 4.) Penny Mac also contends that dismissal of this case is warranted pursuant to Rule 12(b)(6) because "[t]here are no specific allegations against PennyMac (nor any other party)," and the Amended Complaint "falls well short of the pleading requirements of Rule 8." (*Id.* at 3.)

## *II. Legal Standards*

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject-matter jurisdiction. "A defendant may raise a Rule 12(b)(1) issue in one of two ways." *Equal Rights Ctr. v. Abercrombie & Fitch Co.*, 767 F. Supp. 2d 510, 514 (D. Md. 2010). First, a defendant may dispute the jurisdictional allegations in the complaint, in which case the district court may "'go beyond the allegations of the complaint' and hold an evidentiary hearing to determine if there are facts to support the jurisdictional allegations.'" *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016) (citation omitted). Second, a defendant may contend that the complaint fails to allege facts upon which subject-matter

3

jurisdiction can be based. *Id.* In this second scenario, the Court must grant the plaintiff the same protection to which she would be entitled under Rule 12(b)(6)—that is to say, the court takes all well-pleaded factual allegations as true. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Even so, the court is not obligated to assume that the plaintiff's legal conclusions or arguments are also true. *Stephenson v. Panera Bread, LLC*, Civ. No. PJM 14–700, 2014 WL 2436133, at *2 (D. Md. May 29, 2014).

While Rule 12(b)(1) is concerned with threshold jurisdictional defects, Rule 12(b)(6) is implicated when a plaintiff fails to state a plausible claim for relief. In analyzing a Rule 12(b)(6) motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In addition, *pro se* plaintiffs are held to a "less stringent standard[]" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pled." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Mwabira–Simera v. Thompson Hospitality Servs., LLP*, Civ. No. WMN–11–2989, 2012 WL 959383 at *3 (D. Md. Mar. 20, 2012). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to

4

"conjure up questions never squarely presented to them" or to "construct full blown claims from fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

### III. Analysis

For the reasons explained below, the *Rooker-Feldman* doctrine does not deprive the Court of subject-matter jurisdiction over Plaintiff's claims. However, the Amended Complaint fails to state a plausible claim for relief. As such, the Court will grant Penny Mac's Motion to Dismiss.

#### A. Subject-Matter Jurisdiction

As an initial matter, Penny Mac's argument that Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine is unavailing. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to sit in appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Exxon Mobil*, the United States Supreme Court clarified that the doctrine occupies only a "narrow ground," and stated that "[w]hen there is parallel state and federal litigation, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court." *Id.* at 292. Indeed, "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court." *Id.*

While Plaintiff's Amended Complaint appears to invite this Court's review of a Circuit Court foreclosure decision in which Plaintiff did not prevail, *Rooker-Feldman* is inapplicable to this case. Plaintiff commenced this action on December 13, 2021, at which time the underlying Circuit Court case was still pending and the Circuit Court had not yet awarded possession of Plaintiff's property to Penny Mac. (*See* Compl., ECF No. 1; Mot. Dismiss Ex. 1.) As such, the

5

Circuit Court's January 27, 2022 judgment was not "rendered before the district court proceedings commenced," see *Exxon Mobil Corp.*, 544 U.S. at 284, and therefore, this Court does not lack subject-matter jurisdiction over Plaintiff's foreclosure-related claims.

Plaintiff's allegations regarding the Circuit Court's judgment were first raised in her Amended Complaint, which was filed after the Circuit Court issued its decision. (Am. Compl. at 6, *see generally* Compl.) Nonetheless, courts have recognized that "if a federal court has properly invoked subject matter jurisdiction at the time of the initial federal complaint, the *Rooker-Feldman* doctrine cannot spring into action and eliminate jurisdiction merely because an amended complaint is filed." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 n.3 (11th Cir. 2013); *accord Anderson v. Herbert*, 745 F. App'x 63, 68 (10th Cir. 2018). As such, the *Rooker-Feldman* doctrine does not bar this Court from exercising jurisdiction over Plaintiff's foreclosure-related claims.

### B. Failure to State a Claim

While *Rooker-Feldman* does not deprive the Court of jurisdiction over this case, the Court must nonetheless dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). Because Plaintiff proceeds *pro se*, the Court affords her pleading a liberal construction. *See Erickson*, 551 U.S. at 94. Nonetheless, a district court cannot ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's *pro se* pleading, even when afforded a generous reading, fails to satisfy the plausibility standard of Rule 12(b)(6). For example, the Amended Complaint contains no reference to Penny Mac except to name it as a Defendant. (Am. Compl. at 2.) As such, the Court is unable to ascertain what factual allegations or claims pertain to Penny Mac, let alone whether Plaintiff has plausibly alleged any such claims. Plaintiff also alleges that Defendant High

6

"violated" his oath of office. (*Id.* at 6.) But, because no details are provided as to how or when Defendant High allegedly violated this oath, this claim is also not plausibly alleged. The rest of the allegations in the Amended Complaint appear to be directed at all named Defendants and pertain to either: (1) the allegedly unlawful foreclosure of Plaintiff's home; or (2) a number of unrelated claims for which Plaintiff provides no factual context. (*Id.* at 2–11.) With respect to Plaintiff's foreclosure-related claims, Plaintiff fails to allege how, if at all, any named Defendant was involved in the foreclosure. Similarly, Plaintiff does not provide even a scintilla of factual detail connecting any Defendant to any of her other claims. As such, the Court cannot determine whether any cognizable claims are set forth in the Amended Complaint.

This Court previously warned Plaintiff that failure to amend her complaint in accordance with the Federal Rules of Civil Procedure would result in the dismissal of her case. (ECF No. 4.) Because the Court is unable to decipher any plausible claims within the Amended Complaint, it must therefore dismiss this case pursuant to Rule 12(b)(6).[4]

### IV. Conclusion

For the foregoing reasons, an Order shall issue granting Penny Mac's Motion to Dismiss (ECF No. 7) and directing the Clerk to close this case.

DATED this __6__ day of January, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[4] The Court notes that Defendants Ward and High have not joined Penny Mac's Motion. Nonetheless, the Court dismisses Plaintiff's Amended Complaint for the reasons stated herein. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2020) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.").